## UNITED STATES v. 99 DRUMS ALLEGED BRANDING INK.

### No. 2263.

District Court, E. D. New York.

Dec. 24, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Sherwood & Morse, of New York City (Joseph L. Morse, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This action was tried by the court without a jury. The government seeks to forfeit 99 drums of alleged branding ink, together with their containers. These drums were imported from Cuba and were seized by the collector of customs.

It was stipulated upon the trial that the only issues to be tried were whether the drums contained branding ink, and whether the liquid was easily manipulated to make potable alcohol.

The various samples taken from the drums indicated the alcoholic content to be anywhere from 83.6 per cent. to 89.8 per cent., the residue thereof being small amounts of ammonia, vegetable oil, nitrobenzol, and coal tar color.

Claimant contends that the drums contained branding ink. The proof is to the contrary. This product was not fit for use as a writing ink, stamp pad ink, branding ink, or any other kind of ink. The product is not ink. It was shipped in as branding ink as a subterfuge in violation of law. By the process of simple distillation and slight manipulation the product can be reduced so that almost 90 per cent. of it can be recovered as pure grain ethyl alcohol fit for use for beverage purposes.

The libelant is entitled to a decree of condemnation.

Settle findings and decree on notice.